```
        IN THE UNITED STATES DISTRICT COURT
       FOR THE WESTERN DISTRICT OF TENNESSEE
                   WESTERN DIVISION
```
_____

RACHEL DEAN,                        )
                                    )
    Plaintiff,                      )
                                    )
v.                                  )   No. 05-2248 Ml/P
                                    )
CITY OF MEMPHIS and                 )
OFFICER PATRICK JOYNT, in his       )
individual and official             )
capacity,                           )
                                    )
                                    )
    Defendants.                     )
_____

**ORDER DENYING IN PART MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT
AND ORDER DENYING MOTION TO DISMISS COMPLAINT**
_____

    Before the Court is Plaintiff's Motion for Leave to File Second Amended Complaint, filed January 31, 2006.  Defendant City of Memphis responded in opposition on February 3, 2006.  On March 27, 2006, Magistrate Judge Pham granted Plaintiff's motion for leave to amend in part.  The Magistrate Judge also issued a Report and Recommendation recommending that the Court deny Plaintiff's motion as it relates to her claims brought pursuant to the Tennessee Constitution.

    The Court independently reviewed these claims prior to its receipt of Judge Pham's Report and Recommendation and concluded that the Tennessee Constitutional claims could not be raised. Section 1983 authorizes courts to redress violations of "rights,

-1-

privileges, or immunities secured by the Constitution and [federal] laws." 42 U.S.C. § 1983. It "does not cover state constitutional violations that are not also federal constitutional deprivations." Huron Valley Hosp., Inc. v. City of Pontiac, 887 F.2d 710, 714 (6th Cir. 1989). In addition, "Tennessee does not recognize a private cause of action for violations of the Tennessee Constitution." Cline v. Rogers, 87 F.3d 176, 179 (6th Cir. 1996)(citing Lee v. Ladd, 834 S.W.2d 323, 325)(Tenn. App. 1992)(finding no implied cause of action for violations of Tennessee Constitution)). Plaintiff cites to no statute authorizing her claims under the Tennessee Constitution. Because Plaintiff's amendment to assert claims against the City under the Tennessee Constitution would be futile, see Foman v. Davis, 371 U.S. 178, 182 (1962), the Court DENIES Plaintiff's motion for leave to amend her complaint to raise Tennessee Constitutional claims. In all other respects, Plaintiff's Motion for Leave to File Second Amended Complaint is GRANTED.

Any exceptions to the Magistrate Judge's Report and Recommendation or a motion for reconsideration of the Court's order shall be made within ten (10) days of the entry of this order, setting forth particularly those portions of the order excepted to and the reasons for the exceptions.

Also before the Court is Defendant's Motion to Dismiss Complaint, filed July 13, 2005. Plaintiff responded in

opposition on January 17, 2006.  Defendant's Motion to Dismiss relates to the prior complaint; accordingly, the motion to dismiss is DENIED.

So ORDERED this 30th day of March, 2006.

<pre>
                           /s/ Jon P. McCalla
                           JON P. McCALLA
                           UNITED STATES DISTRICT JUDGE
</pre>